UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD VERBANAC,

    Plaintiff,

v.                                                                               Case No. 14-C-239

WILLIAM E. CALLAHAN, JR., Individual Capacity,
RICHARD BROWN, Individual Capacity,
LISA S. NEUBAUER, Individual Capacity, and
PAUL F. REILLY, Individual Capacity.

    Defendants.

## SCREENING ORDER

Plaintiff Donald Verbanac, who is incarcerated at Stanley Correctional Facility, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his civil rights have been violated. This matter comes before the court on his petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $7.77.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

In this case, Verbanac alleges that William E. Callahan, Jr., Richard Brown, Lisa S. Neubauer, and Paul F. Reilly "denied the plaintiff his fourteenth amendment rights to due process and equal protection of the law, to wit; the defendants intentionally analyzed the plaintiff's fourth amendment claim using the wrong legal standard, and concealing material facts to support the plaintiff's fourth amendment claim." (Pl. Compl. 2, ECF No. 1.) While Verbanac's complaint is somewhat difficult to follow, his theory appears to be that the defendants, who are all judges, erred in failing to find in his favor on an issue arising out of his conviction for sexual assault. (*Id.* at 1–2.) Judges Brown, Neubauer, and Reilly are Wisconsin Court of Appeals judges in District 2, who affirmed Verbanac's conviction in 2011. Judge Callahan is a federal magistrate judge in the Eastern District of Wisconsin; he denied Verbanac's habeas petition in 2012. Verbanac's primary argument is that the police searched his home without a warrant and the evidence seized should have been excluded under *Payton v. New York*, 445 U.S. 753 (1980). (*Id.*) He seeks an injunction that would

2

"place the plaintiff back in position to consider the facts of this complaint in light of the decision of Payton v. New York." (*Id.* at 4.) In other words, Verbanac wants to turn back the clock and relitigate his conviction, appeal, and habeas petition. Verbanac's complaint will be dismissed.

All four of the defendants named in Verbanac's complaint are immune from liability for actions and decisions taken in their role as judges. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (citing *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990)). Federal magistrate judges also enjoy judicial immunity. *Johnson v. McCuskey*, 72 F. App'x 475, 476–77 (7th Cir. 2003) ("But magistrate judges are federal judicial officers, 28 U.S.C. §§ 631–36, and judicial immunity applies as equally to them as it does to federal district court judges."). Because the defendants are all entitled to absolute immunity, Verbanac's suit must be dismissed.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

3

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $342.23 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**SO ORDERED** this     2nd     day of April, 2014.

              s/ William C. Griesbach
              William C. Griesbach, Chief Judge
              United States District Court