UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONALD VERBANAC,

        Plaintiff,

v.                                                        Case No. 14-CV-239

WILLIAM E CALLAHAN, JR et al,

        Defendants.

---

## ORDER

---

On December 1, 2014, Plaintiff filed a motion in this court requesting that funds by applied as the initial partial filing fee in United States Court of Appeals for the Seventh Circuit Case No. 14-1988. Plaintiff also requests that this court "open the gate keeping mechanism of *Newlin* so [Plaintiff's] Bivens action can proceed back to the Seventh Circuit." (ECF No. 27 at 2.)

On May 2, 2014, after this court summarily dismissed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), Plaintiff filed a notice of appeal. Plaintiff's request to proceed on appeal *in forma pauperis* was denied by this court on May 6, 2014 (ECF No. 19) and denied by the court of appeals on June 6, 2014 (see ECF No. 23). Plaintiff's appeal was then dismissed by the court of appeals for failure to pay the required docket fee and the Clerk of this court was instructed by the court of appeals to "collect the appellate fees from the prisoner's trust fund account using the mechanism of 28 U.S.C. § 1915(b). *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997)." (Mandate of the Court of Appeals, ECF No. 23.)

Plaintiff is apparently mistaken that under the mandate of the court of appeals and *Newlin*, the initial partial filing fee must be assessed by the district court. "The partial-prepayment mechanism

under § 1915(b) applies only when a prisoner has been allowed to proceed *in forma pauperis*." *Newlin*, 123 F.3d at 432, *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Plaintiff's request to proceed *in forma pauperis* was denied and therefore the Clerk of this court did not assess an initial partial filing fee under § 1915(b)(1). Rather, Plaintiff's fees must be paid pursuant to § 1915(b)(2). Plaintiff's motion (ECF No. 27) is therefore **DENIED**.

Plaintiff is also advised that this court has no authority to resurrect a decision of the court of appeals. Accordingly, any motions relating to Plaintiff's appeal (case no. 14-1988) should be filed with the court of appeals, not this court.

Dated this 2nd day of December, 2014.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court